


# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FALLS VILLAGE RETIREMENT COMMUNITY, LTD.,<br><br>NORTHFIELD VILLAGE RETIREMENT COMMUNITY, LTD.,<br><br>ANDOVER VILLAGE RETIREMENT COMMUNITY, LTD.<br>Defendants. | **5:05CV1973**<br>CIVIL ACTION NO.<br>**JUDGE O'MALLEY**<br><br>COMPLAINT<br>JURY TRIAL DEMAND<br><br>MAG. JUDGE VECCHIARELLI |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Adrianne Hailey who was adversely affected by such practices. The Commission alleges the above named Defendants, acting as a single integrated enterprise, terminated Ms. Hailey's employment in retaliation because she expressed her opposition to unlawful

employment practices at the enterprise facilities and because she testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f) (1) and (3).

4. At all relevant times, Falls Village Retirement Community, Ltd. (one of the three Defendants collectively referred to as the "Employer" in this case), has continuously been an Ohio Corporation doing business in the State of Ohio and the City of Cuyahoga Falls, and has continuously had at least 15 employees.

5. At all relevant times, Northfield Village Retirement Community, Ltd. (one of the three Defendants collectively referred to as the "Employer" in this case), has continuously been an Ohio Corporation doing business in the State of Ohio and the City of Northfield, and has continuously had

at least 15 employees.

6. At all relevant times Andover Village Retirement Community, Ltd., (one of three Defendants collectively referred to as the "Employer" in this case), has continuously been an Ohio Corporation doing business in the State of Ohio and the City of Andover, and has continuously had at least 15 employees.

7. At all relevant times, Defendants have operated as an integrated enterprise with interrelated operations and common management and have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Adrianne Hailey filed a charge with the Commission alleging violations of Title VII by Defendant Falls Village, Ltd. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least October 16, 2003, Defendants acting as an integrated enterprise and the Employer in this case have engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-3 by retaliating against Adrianne Hailey and discharging her from her employment as Director of Nursing because she engaged in conduct protected by Title VII.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Adrianne Hailey of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in conduct protected by Title VII.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Adrianne Hailey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining each Defendant within the Employer's integrated enterprise, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against individuals who engage in conduct protected by Title VII, and any other employment practice which violates Title VII.

B. Order each Defendant within the Defendant Employer's integrated enterprise to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Adrianne Hailey by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful place hiring of Adrianne Hailey.

D. Order Defendants to make whole Adrianne Hailey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including past and future out-of-pocket losses in amounts to be determined at trial.

E. Order Defendants to make whole Adrianne Hailey by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including nonpecuniary losses such as emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts be to determined at trial.

F.     Order Defendants to pay Adrianne Hailey punitive damages for the malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC S. DREIBAND
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_____
C. Larry Watson (0031443)
Regional Attorney
larry.watson@eeoc.gov

_____
Solvita A. McMillan (0040011)
Trial Attorney
solvita.mcmillan@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
CLEVELAND DISTRICT OFFICE
1660 W. Second Street, Suite 850
Cleveland, Ohio 44113-1412
Tel. (216) 522-7676
Fax. (216) 522-7430